# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| CASEY BINGHAM | Case No.: 4:15-cv-00245-EJL-REB |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE:** |
| vs. | |
| JEFFERSON COUNTY; and JEFFERSON COUNTY PUBLIC WORKS DEPARTMENT, | **MOTION TO EXTEND DISCOVERY DEADLINE**<br>**(Docket No. 13)** |
| Defendants. | **PLAINTIFF'S RULE 56(d) MOTION**<br>**(Docket No. 15)** |
| | **MOTION TO STRIKE PORTIONS OF THE DECLARATION OF COUNSEL**<br>**(Docket No. 18)** |

Now pending before the Court are: (1) Plaintiff's Motion to Extend Discovery Deadline (Docket No. 13); (2) Plaintiff's Rule 56(d) Motion (Docket No. 15); and (3) Defendants' Motion to Strike Portions of the Declaration of Counsel (Docket No. 18). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

## I.  BACKGROUND

The factual backdrop is largely reflected in the parties' understood correspondence concerning the underlying issue – scheduling the depositions of Emily Kramer and Paul Snarr after the June 1, 2016 factual discovery deadline. The relevant facts include:

1.      The factual discovery deadline is June 1, 2016. *See* CMO, p. 1 (Docket No. 10).

2.      On December 15, 2015, Plaintiff's counsel, Kevin Dinius, sent a letter to Defendants' counsel, Blake Hall, listing certain individuals he intended to depose, including Ms.

**MEMORANDUM DECISION AND ORDER - 1**

Kramer and Mr. Snarr.  *See* Ex. A to Dinius Decl. (Docket No. 13, Att. 2).  Mr. Dinius indicated that he wanted "to schedule the depositions the last week of January 2016."  *Id.*

3.      On December 16, 2015, Mr. Hall responded, advising that Ms. Kramer and Mr. Snarr were no longer employees of Jefferson County (and that Mr. Snarr now resided in Nebraska), but that he would (1) attempt to contact Ms. Kramer regarding her availability and an address for service, and (2) attempt to find a current address for Mr. Snarr.  *See* Ex. B to Dinius Decl. (Docket No. 13, Att. 3).

4.      On January 6, 2016, Mr. Dinius sent a letter to Mr. Hall, indicating, among other things, that he was "interested in the location of Emily Kramer and Paul Snarr for the scheduling of their depositions . . . ."  Ex. C to Dinius Decl. (Docket No. 13, Att. 4).  Though Mr. Hall responded to this letter on January 7, 2017 (Mr. Dinius claims he received no response (*see* Dinius Decl., ¶ 7 (Docket No. 13, Att. 1)), there was no references to Ms. Kramer and Mr. Snarr or their possible depositions.  *See* Ex. A to Hall Aff. (Docket No. 16, Att. 1).

5.      On February 2, 2016, Mr. Dinius sent a letter to Mr. Hall, noting that he would like to take Ms. Kramer's and Mr. Snarr's deposition, and likewise asking for their (and counsel's) availability.  *See* Ex. D to Dinius Decl. (Docket No. 13, Att. 5).

6.      On February 3, 2016, Mr. Hall responded, stating again that Ms. Kramer and Mr. Snarr are no longer employees of Jefferson County and that each will need to be served with subpoenas for their depositions.  *See* Ex. E to Dinius Decl. (Docket No. 13, Att. 6).  Mr. Hall additionally provided Ms. Kramer's last known address (in Rigby, Idaho); relayed his understanding that Mr. Snarr works in Nebraska "but does maintain a home in Idaho and is home periodically"; and provided Mr. Snarr's last known Idaho address (in Ammon, Idaho).  *See id.*  Mr. Hall finally provided various deposition dates during the month of March.  *See id.*

**MEMORANDUM DECISION AND ORDER - 2**

7.       On February 8, 2016, Mr. Hall sent a letter to Mr. Dinius, claiming that he has been in contact with Ms. Kramer, but that she "works out of state." Ex. F to Dinius Decl. (Docket No. 13, Att. 7).  However, Mr. Hall said that Ms. Kramer would be back in Idaho the first week of April if Mr. Dinius wanted to conduct her deposition at that time; she also would be available in Jacksonville, Florida on March 22, 23, 24, 25, or 28, if Mr. Dinius wanted to conduct her deposition there.  *See id*.

8.       On February 25, 2016, Mr. Dinius noticed Ms. Kramer's deposition for April 8, 2016 at Mr. Hall's Idaho Falls office.  *See* Ex. G to Dinius Decl. (Docket No. 13, Att. 8).

9.       On March 7, 2016, Mr. Dinius's office (through paralegal Cindy Mackey) sent a letter to Mr. Snarr at his Idaho address, indicating that Plaintiff's counsel wanted to take his deposition "in the next month if possible," understanding that he had a residence in Idaho but worked in Nebraska.  Ex. H to Dinius Decl. (Docket No. 13, Att. 9).  Ms. Mackey then requested that Mr. Snarr "let us know what dates you are available during the month of March here in Idaho and what dates you might be available in Nebraska[.]" *Id*.

10.       On March 8, 2016, Mr. Hall sent a letter to Mr. Dinius, claiming to have been in contact with Mr. Snarr (who, according to Mr. Hall, "is currently residing in Scottsbluff, Nebraska"), noting, again, that Mr. Snarr is not a Jefferson County employee and, thus, would have to be subpoenaed in order for him to appear at his deposition.  *See* Ex. I to Dinius Decl. (Docket No. 13, Att. 10).  Mr. Hall stated that Mr. Snarr "indicated he can make himself available with proper notice for a deposition in Scottsbluff, Nebraska." *Id*.

11.        Mr. Hall sent another letter to Mr. Dinius on March 8, 2016, informing him that Ms. Kramer cannot attend her April 8, 2016 deposition "due to work conflicts." Ex. J to Dinius

**MEMORANDUM DECISION AND ORDER - 3**

Decl. (Docket No. 13, Att. 11).  Further, because Ms. Kramer is no longer an employee of

Jefferson County and "no longer lives or works in Idaho" (apparently, at this time, Ms. Kramer

was living in Minot, North Dakota), Mr. Hall stated that she will have to be subpoenaed to

appear at the deposition and that she "returns to Idaho sporadically and does not have plans to

return to Idaho in the near future."  *Id*.  Mr. Hall indicated that Ms. Kramer is available for

depositions in North Dakota during the month of April; has availability for a deposition in

Jacksonville, Florida from March 22-29, 2016; and has availability for a deposition on May 26,

2016 in the Dallas-Ft. Worth, Texas area.  *See id*.

      12.     On March 9, 2016, Ms. Mackey sent a letter to Mr. Hall, asking for Mr. Snarr's

address and phone number.  *See* Ex. K to Dinius Decl. (Docket No. 13, Att. 12).

      13.     On March 9, 2016, Mr. Hall responded, providing Mr. Dinius with Mr. Snarr's

contact information in Nebraska.  *See* Ex. L to Dinius Decl. (Docket No. 13, Att. 13).  Moreover,

Mr. Hall pointed out that, while Mr. Snarr is not named in this lawsuit and is no longer a

Jefferson County employee, Mr. Hall's office represents him for the purposes of this litigation.

*See id*.  With that in mind, Mr. Hall stated that he is "happy to coordinate with [Mr. Dinius] to

schedule [Mr. Snarr's] deposition in Nebraska, but insist[ed] that any contact with Mr. Snarr be

made through our office."  *Id*.

      14.     On May 12, 2016, Mr. Dinius's office (through legal assistant, Danielle Dinius)

sent a letter to Mr. Hall, asking that Mr. Hall "provide available dates for the taking of Mr.

Snarr's and Ms. Kramer's depositions for sometime in June, along with where the depositions

need to be taken."  Ex. M to Dinius Decl. (Docket No. 13, Att. 14).[1]

---

    [1] According to Mr. Dinius, "[d]ue to a previously-scheduled trip out of the country for a
two and a half (2 ½) week period during the month of May, [he] requested available deposition
dates for the month of June when [he] returned."  Dinius Decl., ¶ 18 (Docket No. 13, Att. 1).

**MEMORANDUM DECISION AND ORDER - 4**

15.     On May 20, 2016, Mr. Hall responded, outlining the history of the

correspondence to that point in time, before stating:

> As you are aware, the discovery cutoff in this matter is June 1, 2016.  Therefore, we
> are unable to comply with your letter of May 12, 2016, to provide available
> deposition dates in June for Mr. Snarr and Ms. Kramer, as the discovery deadline
> will have expired by then.

Ex. N to Dinius Decl. (Docket No. 13, Att. 15).

16.     On May 26, 2016, Defendants moved for summary judgment.  *See* Defs.' MSJ

(Docket No. 12).

17.     On June 8, 2016, Plaintiff filed the at-issue Motion to Extend Discovery

Deadline, requesting an Order "extending the deadline for taking discovery depositions

specifically to allow Plaintiff to take the depositions of Emily Kramer and Paul Snarr prior to

July 15, 2016."  Mot. to Extend Disc. Deadline (Docket No. 13).

18.     On June 20, 2016, Plaintiff responded to Defendants' Motion for Summary

Judgment.  *See* Opp. to MSJ (Docket No. 14).  As an exhibit submitted in support of Plaintiff's

opposition to Defendants' Motion for Summary Judgment, Plaintiff included email

correspondence between Ms. Kramer and Mr. Snarr.  *See* Ex. I to Dinius Decl. (Docket No. 14,

Att. 11).

19.     Also on June 20, 2016, Plaintiff filed the at-issue Rule 56(d) Motion, requesting a

"continuance on Defendants' Motion for Partial Summary Judgment to permit Plaintiff an

opportunity to depose Paul Snarr and Emily Kramer."  Pl.'s Rule 56(d) Mot. (Docket No. 15).

20.     On June 27, 2016, Defendants opposed Plaintiff's efforts to extend the discovery

deadline to permit the depositions of Ms. Kramer and Mr. Snarr.  *See* Resp. to Mot. to Extend

Disc. Deadline and Pl.'s Rule 56(d) Mot. (Docket No. 16).

**MEMORANDUM DECISION AND ORDER - 5**

21.     Also on June 27, 2016, Defendants moved to strike the email correspondence between Ms. Kramer and Mr. Snarr, included as Exhibit I to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, contending that it constitutes hearsay and lacks foundation. *See generally* Mot. to Strike (Docket No. 18).

# I. DISCUSSION

## A.     Plaintiff's (1) Motion to Extend Discovery Deadline (Docket No. 13) and (2) Rule 56(d) Motion (Docket No. 15)

Modification of the Case Management Order requires a showing of "good cause." *See* Fed. R. Civ. P. 16(b). FRCP 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If a pretrial schedule cannot be met despite the diligence of the party seeking an extension of time, the Court may modify its scheduling order. *See* Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) (good cause means scheduling deadlines cannot be met despite party's diligence). Carelessness is not good cause for the extension of discovery deadlines. *See Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification[;] [i]f that part was not diligent, the inquiry should end." *Id.* (citations omitted). Moreover, where a motion is made to extend a deadline after the deadline has expired, the movant must show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Examined against these standards, good cause exists to extend the discovery deadline to accommodate the depositions of Ms. Kramer and Mr. Snarr; moreover, excusable neglect exists to permit Plaintiff to move to extend to the discovery deadline after the discovery deadline.

**MEMORANDUM DECISION AND ORDER - 6**

As to good cause and, relatedly, Plaintiff's counsel's diligence, Plaintiff's counsel actively attempted to schedule and complete Ms. Kramer's and Mr. Snarr's depositions well in advance of the June 1, 2016 discovery deadline.  That such efforts ultimately proved difficult and drawn out – owing, in large part, to the fact that (1) neither was a Jefferson County employee; (2) both lived out-of-state; and (3) their availabilities needed to be coordinated through Defendants' counsel and, likewise, contacted through Defendants' counsel – should not operate as an absolute impediment against Plaintiff or her counsel vis à vis FRCP 16(b)(4)'s good cause standard.  Of course, in hindsight, Plaintiff's counsel could have been more insistent on scheduling these depositions by simply subpoenaing the two's attendance at a given time without regard to their actual availability or preferences.  But, in taking these considerations and logistics into account (especially over the course of several months), it cannot be said that Plaintiff's counsel lacked  diligence in completing Ms. Kramer's and Mr. Snarr's depositions.  Good cause therefore exists to modify the existing Case Management Order to allow for the depositions to take place.

Next, whether neglect is excusable requires consideration of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2001).  Neither of these factors weighs heavily in favor of denying Plaintiff's request for more time.

First, the prejudice to Defendants is the prejudice in being deprived of better odds at prevailing on summary judgment.  However, that is not a sufficient basis to deny Plaintiff's request.  "Prejudice requires greater harm than simply that relief would delay resolution of the

**MEMORANDUM DECISION AND ORDER - 7**

case." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009); *see also Bateman*, 231 F.3d at 1225.  Second, if granted, Plaintiff's requested extension would likely extend the Court's consideration of Defendants' pending Motion for Summary Judgment to allow for the requested depositions to take place and, if needed, briefing to be supplemented; however, this is hardly a significant impediment to the action's progression, particularly when considering that no trial date is currently set.[2]  Third, as stated above, the good cause exists for the delay and, likewise, fourth, Plaintiff's counsel acted in good faith.  In short, to the extent that Plaintiff's counsel could be said to have been neglectful toward meeting the discovery deadline, the unique circumstances surrounding the requested relief amount to excusable neglect.

With all this in mind, Plaintiff's (1) Motion to Extend Discovery Deadline (Docket No. 13) and (2) Rule 56(d) Motion (Docket No. 15) are granted.  The discovery deadline is extended for the limited purpose of allowing the depositions of Ms. Kramer and Mr. Snarr.  The parties are hereby directed to meet, confer, and submit to the Court a *joint* statement, outlining (1) the date(s) that Ms. Kramer's and Mr. Snarr's depositions will take place, and (2) the briefing schedule for any supplemental briefing to take place following these depositions.  Once any supplemental briefing is submitted, U.S. District Judge Edward J. Lodge will take up Defendants' Motion for Summary Judgment.

**B.    Defendants' Motion to Strike Portions of the Declaration of Counsel (Docket No. 18)**

Defendants are correct that even if the two depositions are allowed, their Motion to Strike remains unresolved.  *See* Reply in Supp. of Mot. to Strike, p. 2 (Docket No. 21) ("If the Court

---

[2]  Unfortunately, owing to the swollen docket of the District of Idaho, the more significant delay exists in the Court's inability to resolve the at-issue motions sooner.  Such a delay is regrettable, but stems from insufficient judicial resources.

**MEMORANDUM DECISION AND ORDER - 8**

grants the motion to extend, it must still rule on this pending motion to strike.  If the motion to strike is granted, Defendants would point out that this motion to strike will not be rendered "moot" if the motion to extend discovery is granted.  The Court must still rule on this motion.").

Turning to the substance of that motion, there is no dispute that Exhibit I to Plaintiff's Opposition to Defendants' Motion for Summary Judgment contains hearsay and/or is without foundation.  And, there is no reason not to strike Exhibit I simply because Ms. Kramer's and Mr. Snarr's depositions will take place eventually (as Plaintiff urges the Court to do).  *See* Opp. to Mot. to Strike, p. 2 (Docket No. 19) ("At the end of the day, Plaintiff's Exhibit I may contain hearsay and/or lack foundation at this juncture; however, issues of hearsay and/or foundation can be easily rectified by taking the depositions of Emily Kramer and Paul Snarr. . . . .  Plaintiff contends that once Emily Kramer and Paul Snarr have been deposed, the instant Motion to Strike would be rendered moot.").  Such an argument presumes that the bases for striking Exhibit I can be (and absolutely will be) remedied following these depositions.  The Court will not surmise upon such a result.[3]  Defendants' Motion to Strike Portions of the Declaration of Counsel (Docket No. 18) is therefore granted and Exhibit I is stricken.  If, following Ms. Kramer's and Mr. Snarr's depositions, Plaintiff is able to submit Exhibit I in compliance with Rule 56 and the Federal Rules of Evidence, she is advised to do so as part of her supplemental briefing in opposition to Defendants' Motion for Summary Judgment; until then, Exhibit I is stricken from the record.

---

[3]  Plaintiff does not explicitly raise the issue of whether she anticipates presenting Exhibit I in admissible form at trial as expressly contemplated by FRCP 56.  *See* Fed. R. Civ. P. 56 Adv. Comm. Notes to 2010 Amendment ("Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  The objection functions much as an objection at trial, adjusted for the pretrial setting.  The burden is on the proponent to show that the material is admissible as presented *or to explain the admissible form that is anticipated*.") (emphasis added).  In light of the Court's handling of the other motions addressed here, it need not wade into these waters at this time.

**MEMORANDUM DECISION AND ORDER - 9**

## II. <u>ORDER</u>

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's Motion to Extend Discovery Deadline (Docket No. 13) is GRANTED;

2.      Plaintiff's Rule 56(d) Motion (Docket No. 15) is GRANTED; and

3.      Defendants' Motion to Strike Portions of the Declaration of Counsel (Docket No.

18) is GRANTED.



DATED:  **February 25, 2017**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**