UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CASEY BINGHAM,<br><br>                Plaintiff,<br><br>    v.<br><br>JEFFERSON COUNTY,<br><br>                Defendant. | Case No. 4:15-cv-00245-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Jefferson County's Motion for Reconsideration.[1] Dkt. 31. For the reasons set forth below, the Court will allow Jefferson County to file a second Motion for Summary Judgment in order to address new issues improperly raised in the Motion for Reconsideration. This is a more appropriate vehicle to assert these issues and will allow Plaintiff Casey Bingham a more complete opportunity to respond.

# II. BACKGROUND

Jefferson County moved for summary judgment on all counts on May 26, 2016. Dkt. 12. The Court heard oral argument on September 25, 2017, and took the matter under advisement. On September 29, 2017, in its Memorandum Decision and Order (Dkt. 30), the Court dismissed Count I (the Whistleblower claim) as untimely, but found

---

[1] Jefferson County's Motion is entitled "Motion for Relief from the Court's Memorandum Decision and Order [Dkt. 30]."

sufficient controverted facts existed in regards to Counts II, III, and IV to survive summary judgment.

Jefferson County now asks the Court to revisit its ruling on Counts II and IV. Jefferson County argues that the Court erred in some respects, but also puts forth new and arguments in favor of its position. Bingham takes issue with the form of Jefferson County's Motion as well as the substance. [2]

## IV. ANALYSIS

Jefferson County believes the Court erred in its analysis and decision to allow Counts II, III, and IV to remain after summary judgment. Jefferson County's main concern is error on the Court's part; however, it also alleges that Bingham has not sufficiently pled a *Monell*[3] claim as it relates to her federal causes of action in Counts II and IV. If the Court were to dismiss Counts II and IV, only Count III—a state law claim—would remain, over which Jefferson County urges the Court not to exercise jurisdiction.

The Court notes that this *Monell* argument was not brought to the Court's attention in a motion to dismiss, or even in Jefferson County's Motion for Summary Judgment, but rather only recently as part of the pending Motion for Reconsideration. As Bingham

---

[2] Bingham argues that this Motion is not only improper because it is not a final judgment which can be reconsidered, but, because Jefferson County proffers new arguments in its briefing, this motion is essentially a "renewed" or second motion for summary judgment.
[3] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978). A *Monell* claim is a due process, or 42 U.S.C. § 1983 claim, against a municipality.

correctly notes, this argument was available to Jefferson County when it filed its Motion for Summary Judgment and failing to raise the issue earlier now seems like a waiver, or at the very least, a second bite at the apple.

The above aside, this *Monell* issue does appear relevant and the Court must address what bearing it has on this case. The Court however will not do so as a motion to reconsider. Each party deserves an adequate opportunity to brief and respond to this important, and possibly dispositive, topic and although both parties mention it in the briefing, due consideration must be given in a procedurally proper avenue.[4] Additionally, the Court will not take up the other issues raised by Jefferson County in its Motion at this time, but will do so as one decision after the parties have fully briefed the *Monell* issue.

The Court normally does not allow multiple motions for summary judgment but for reasons now apparent, the Court will permit a second motion for summary judgment on the limited issue of *Monell.*

Jefferson County shall have 30 days from the issuance of this order in which to file their motion. The traditional briefing schedule will follow.

---

[4] Also, were the Court to rule in Jefferson County's favor on the *Monell* issue, and Bingham wanted to appeal that decision, Bingham would be appealing a motion to reconsider which by its nature is already a motion "appealing" the Court's determination on summary judgment. To avoid this, the Court will allow Jefferson County to raise this issue in a second Motion for Summary Judgment. The parties are free to repeat anything used in the briefing of the current Motion as it relates to *Monell*. In addition, the Court would like more analysis as to how the legal standards in *Monell,* as well the topic of ratification (Bingham's main defense), relate to the facts of this particular case.

## VI. ORDER

1.  The Court will not rule on Jefferson County's Motion for Reconsideration (Dkt. 31) at this time.

2.  Jefferson County shall have 30 days from the date of this decision to submit a second motion for summary judgment. The traditional briefing scheduled shall apply and the Court will set a hearing for oral argument if necessary.

DATED: January 9, 2018

David C. Nye
U.S. District Court Judge